CANADY, J.
In this case we consider a question of law certified by the United States Court of Appeals for the Eleventh Circuit concerning the rights of a judgment creditor, the appellee Federal Trade Commission (FTC), regarding the respective ownership interests of appellants Shaun Olmstead and Julie Connell in certain Florida single-member limited liability companies (LLCs). Specifically, the Eleventh Circuit certified the following question: “Whether, pursuant to Fla. Stat. § 608.433(4), a court may order a judgment-debtor to surrender all ‘right, title, and interest’ in the debtor’s *78 single-member limited liability company to satisfy an outstanding judgment.” Fed. Trade Comm’n v. Olmstead, 528 F.3d 1310, 1314 (11th Cir.2008). We have discretionary jurisdiction under article V, section 3(b)(6), Florida Constitution.
The appellants contend that the certified question should be answered in the negative because the only remedy available against their ownership interests in the single-member LLCs is a charging order, the sole remedy authorized by the statutory provision referred to in the certified question. The FTC argues that the certified question should be answered in the affirmative because the statutory charging order remedy is not the sole remedy available to the judgment creditor of the owner of a single-member limited liability company.
For the reasons we explain, we conclude that the statutory charging order provision does not preclude application of the creditor’s remedy of execution on an interest in a single-member LLC. In line with our analysis, we rephrase the certified question as follows: “Whether Florida law permits a court to order a judgment debtor to surrender all right, title, and interest in the debtor’s single-member limited liability company to satisfy an outstanding judgment.” We answer the rephrased question in the affirmative.
I. BACKGROUND
The appellants, through certain corporate entities, “operated an advance-fee credit card scam.” Olmstead, 528 F.3d at 1311-12. In response to this scam, the FTC sued the appellants and the corporate entities for unfair or deceptive trade practices. Assets of these defendants were frozen and placed in receivership. Among the assets placed in receivership were several single-member Florida LLCs in which either appellant Olmstead or appellant Connell was the sole member. Ultimately, the FTC obtained judgment for injunctive relief and for more than $10 million in restitution. To partially satisfy that judgment, the FTC obtained — over the appellants’ objection — an order compelling appellants to endorse and surrender to the receiver all of their right, title, and interest in their LLCs. This order is the subject of the appeal in the Eleventh Circuit that precipitated the certified question we now consider.
II. ANALYSIS
In our analysis, we first review the general nature of LLCs and of the charging order remedy. We then outline the specific relevant provisions of the Florida Limited Liability Company Act (LLC Act), chapter 608, Florida Statutes (2008). Next, we discuss the generally available creditor’s remedy of levy and execution under sale. Finally, we explain the basis for our conclusion that Florida law permits a court to order a judgment debtor to surrender all right, title, and interest in the debtor’s single-member LLC to satisfy an outstanding judgment. In brief, this conclusion rests on the uncontested right of the owner of the single-member LLC to transfer the owner’s full interest in the LLC and the absence of any basis in the LLC Act for abrogating in this context the long-standing creditor’s remedy of levy and sale under execution.
A. Nature of LLCs and Charging Orders
The LLC is a business entity originally created to provide “tax benefits akin to a partnership and limited liability akin to the corporate form.” Elf Atochem North Am., Inc. v. Jaffari, 727 A.2d 286, 287 (Del.1999). In addition to eligibility for tax treatment like that afforded partnerships, LLCs are characterized by restrictions on the transfer of ownership *79 rights that are related to the restrictions applicable in the partnership context. In particular, the transfer of management rights in an LLC generally is restricted. This particular characteristic of LLCs underlies the establishment of the LLC charging order remedy, a remedy derived from the charging order remedy created for the personal creditors of partners. See City of Arkansas City v. Anderson, 242 Kan. 875, 752 P.2d 673, 681-683 (1988) (discussing history of partnership charging order remedy). The charging order affords a judgment creditor access to a judgment debtor’s rights to profits and distributions from the business entity in which the debtor has an ownership interest.
B. Statutory Framework for Florida LLCs
The rules governing the formation and operation of Florida LLCs are set forth in Florida’s LLC Act. In considering the question at issue, we focus on the provisions of the LLC Act that set forth the authorization for single-member LLCs, the characteristics of ownership interests, the limitations on the transfer of ownership interests, and the authorization of a charging order remedy for personal creditors of LLC members.
Section 608.405, Florida Statutes (2008), provides that “[o]ne or more persons may form a limited liability company.” A person with an ownership interest in an LLC is described as a “member,” which is defined in section 608.402(21) as “any person who has been admitted to a limited liability company as a member in accordance with this chapter and has an economic interest in a limited liability company which may, but need not, be represented by a capital account.” The terms “membership interest,” “member’s interest,” and “interest” are defined as “a member’s share of the profits and losses of the limited liability company, the right to receive distributions of the limited liability company’s assets, voting rights, management rights, or any other rights under this chapter or the articles of organization or operating agreement.” § 608.402(23), Fla. Stat. (2008). Section 608.431 provides that “[a]n interest of a member in a limited liability company is personal property.”
Section 608.432 contains provisions governing the “[assignment of member’s interest.” Under section 608.432(1), “[a] limited liability company interest is assignable in whole or in part except as provided in the articles of organization or operating agreement.” An assignee, however, has “no right to participate in the management of the business and affairs” of the LLC “except as provided in the articles of organization or operating agreement” and upon obtaining “approval of all of the members of the limited liability company other than the member assigning a limited liability company interest” or upon “[e]om-pliance with any procedure provided for in the articles of organization or operating agreement.” Id. Accordingly, an assignment of a membership interest will not necessarily transfer the associated right to participate in the LLC’s management. Such an assignment which does not transfer management rights only “entitles the assignee to share in such profits and losses, to receive such distribution or distributions, and to receive such allocation of income, gain, loss, deduction, or credit or similar item to which the assignor was entitled, to the extent assigned.” § 608.432(2)(b), Fla. Stat. (2008).
Section 608.433 — which is headed “Right of assignee to become member” — reiterates that an assignee does not necessarily obtain the status of member. Section 608.433(1) states: “Unless otherwise provided in the articles of organization or operating agreement, an assignee of a lim *80 ited liability company interest may become a member only if all members other than the member assigning the interest consent.” Section 608.433(4) sets forth the provision — mentioned in the certified question — which authorizes the charging order remedy for a judgment creditor of a member:
On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the limited liability company membership interest of the member with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of such interest. This chapter does not deprive any member of the benefit of any exemption laws applicable to the member’s interest.
C. Generally Available Creditor’s Remedy of Levy and Sale under Execution
 Section 56.061, Florida Statutes (2008), provides that various categories of real and personal property, including “stock in corporations,” “shall be subject to levy and sale under execution.” A similar provision giving judgment creditors a remedy against a judgment debtor’s ownership interest in a corporation has been a part of the law of Florida since 1889. See ch. 3917, Laws of Fla. (1889) (“That shares of stock in any corporation incorporated by the laws of this State shall be subject to levy of attachments and executions, and to sale under executions on judgments or decrees of any court in this State.”). An LLC is a type of corporate entity, and an ownership interest in an LLC is personal property that is reasonably understood to fall within the scope of “corporate stock.” “The general rule is that where one has any ‘interest in property which he may alien or assign, that interest, whether legal or equitable, is liable for the payment of his debts.’ ” Bradshaw v. Am. Advent Christian Home & Orphanage, 145 Fla. 270, 199 So. 329, 332 (1940) (quoting Croom v. Ocala Plumbing & Electric Co., 62 Fla. 460, 57 So. 243, 245 (1911)).
At no point have the appellants contended that section 56.061 does not by its own terms extend to an ownership interest in an LLC or that the order challenged in the Eleventh Circuit did not comport with the requirements of section 56.061. Instead, they rely solely on the contention that the Legislature adopted the charging order remedy as an exclusive remedy, supplanting section 56.061.
D. Creditor’s Remedies Against the Ownership Interest in a Single-Member LLC
Since the charging order remedy clearly does not authorize the transfer to a judgment creditor of all an LLC member’s “right, title and interest” in an LLC, while section 56.061 clearly does authorize such a transfer, the answer to the question at issue in this case turns on whether the charging order provision in section 608.433(4) always displaces the remedy available under section 56.061. Specifically, we must decide whether section 608.433(4) establishes the exclusive judgment creditor’s remedy — and thus displaces section 56.061 — with respect to a judgment debtor’s ownership interest in a single-member LLC.
As a preliminary matter, we recognize the uncontested point that the sole member in a single-member LLC may freely transfer the owner’s entire interest in the LLC. This is accomplished through a simple assignment of the sole member’s membership interest to the transferee. Since such an interest is freely and fully alienable by its owner, section 56.061 authorizes a judgment creditor with a judgment for an amount equaling or exceeding *81 the value of the membership interest to levy on that interest and to obtain full title to it, including all the rights of membership — that is, unless the operation of section 56.061 has been limited by section 608.433(4).
Section 608.433 deals with the right of assignees or transferees to become members of an LLC. Section 608.433(1) states the basic rule that absent a contrary provision in the articles or operating agreement, “an assignee of a limited liability company interest may become a member only if all members other than the member assigning the interest consent.” See also § 608.432(l)(a), Fla. Stat. (2008). The provision in section 608.433(4) with respect to charging orders must be understood in the context of this basic rule.
The limitation on assignee rights in section 608.433(1) has no application to the transfer of rights in a single-member LLC. In such an entity, the set of “all members other than the member assigning the interest” is empty. Accordingly, an assignee of the membership interest of the sole member in a single-member LLC becomes a member — and takes the full right, title, and interest of the transferor — without the consent of anyone other than the transfer- or.
Section 608.433(4) recognizes the application of the rule regarding assignee rights stated in section 608.433(1) in the context of creditor rights. It provides a special means — i.e., a charging order — for a creditor to seek satisfaction when a debt- or’s membership interest is not freely transferable but is subject to the right of other LLC members to object to a transferee becoming a member and exercising the management rights attendant to membership status. See § 608.432(1), Fla. Stat. (2008) (setting forth general rule that an assignee “shall have no right to participate in the management of the business affairs of [an LLC]”).
Section 608.433(4)’s provision that a “judgment creditor has only the rights of an assignee of [an LLC] interest” simply acknowledges that a judgment creditor cannot defeat the rights of nondebtor members of an LLC to withhold consent to the transfer of management rights. The provision does not, however, support an interpretation which gives a judgment creditor of the sole owner of an LLC less extensive rights than the rights that are freely assignable by the judgment debtor. See In re Albright, 291 B.R. 538, 540 (D.Colo.2003) (rejecting argument that bankruptcy trustee was only entitled to a charging order with respect to debtor’s ownership interest in single-member LLC and holding that “[b]ecause there are no other members in the LLC, the entire membership interest passed to the bankruptcy estate”); In re Modanlo, 412 B.R. 715, 727-31 (D.Md.2006) (following reasoning of Albright).
Our understanding of section 608.433(4) flows from the language of the subsection which limits the rights of a judgment creditor to the rights of an assignee but which does not expressly establish the charging order remedy as an exclusive remedy. The relevant question is not whether the purpose of the charging order provision— i.e., to authorize a special remedy designed to reach no further than the rights of the nondebtor members of the LLC will permit — provides a basis for implying an exception from the operation of that provision for single-member LLCs. Instead, the question is whether it is justified to infer that the LLC charging order mechanism is an exclusive remedy.
On its face, the charging order provision establishes a nonexclusive remedial mechanism. There is no express provision in the statutory text providing that the *82 charging order remedy is the only remedy that can be utilized with respect to a judgment debtor’s membership interest in an LLC. The operative language of section 608.433(4) — “the court may charge the [LLC] membership interest of the member with payment of the unsatisfied amount of the judgment with interest” — does not in any way suggest that the charging order is an exclusive remedy.
In this regard, the charging order provision in the LLC Act stands in stark contrast to the charging order provisions in both the Florida Revised Uniform Partnership Act, §§ 620.81001-.9902, Fla. Stat. (2008), and the Florida Revised Uniform Limited Partnership Act, §§ 620.1101-.2205, Fla. Stat. (2008). Although the core language of the charging order provisions in each of the three statutes is strikingly similar, the absence of an exclusive remedy provision sets the LLC Act apart from the other two statutes. With respect to partnership interests, the charging order remedy is established in section 620.8504, which states that it “provides the exclusive remedy by which a judgment creditor of a partner or partner’s transferee may satisfy a judgment out of the judgment debtor’s transferable interest in the partnership.” § 620.8504(5), Fla. Stat. (2008) (emphasis added). With respect to limited partnership interests, the charging order remedy is established in section 620.1703, which states that it “provides the exclusive remedy which a judgment creditor of a partner or transferee may use to satisfy a judgment out of the judgment debtor’s interest in the limited partnership or transferable interest.” § 620.1703(3), Fla. Stat. (2008) (emphasis added).
“[W]here the legislature has inserted a provision in only one of two statutes that deal with closely related subject matter, it is reasonable to infer that the failure to include that provision in the other statute was deliberate rather than inadvertent.” 2B Norman J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction § 51:2 (7th ed.2008). “In the past, we have pointed to language in other statutes to show that the legislature ‘knows how to’ accomplish what it has omitted in the statute [we were interpreting].” Cason v. Fla. Dep’t of Mgmt. Services, 944 So.2d 306, 315 (Fla.2006); see also Horowitz v. Plantation Gen. Hosp. Ltd. P’ship, 959 So.2d 176, 185 (Fla.2007); Rollins v. Pizzarelli, 761 So.2d 294, 298 (Fla.2000).
The same reasoning applies here. The Legislature has shown — in both the partnership statute and the limited partnership statute — that it knows how to make clear that a charging order remedy is an exclusive remedy. The existence of the express exclusive-remedy provisions in the partnership and limited partnership statutes therefore decisively undermines the appellants’ argument that the charging order provision of the LLC Act — which does not contain such an exclusive remedy provision — should be read to displace the remedy available under section 56.061.
The appellants’ position is further undermined by the general rule that “repeal of a statute by implication is not favored and will be upheld only where irreconcilable conflict between the later statute and earlier statute shows legislative intent to repeal.” Town of Indian River Shores v. Richey, 348 So.2d 1, 2 (Fla.1977). We also have previously recognized the existence of a specific presumption against the “[statutory abrogation by implication of an existing common law remedy, particularly if the remedy is long established.” Thornber v. City of Fort Walton Beach, 568 So.2d 914, 918 (Fla.1990). The rationale for that presumption with respect to common law remedies is equally applicable to the “abrogation by implication” of a long-established *83 statutory remedy. See Schlesinger v. Councilman, 420 U.S. 738, 752, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975) (“ ‘[Rjepeals by implication are disfavored,’ and this canon of construction applies with particular force when the asserted repealer would remove a remedy otherwise available.”) (quoting Reg’l Rail Reorganization Act Cases, 419 U.S. 102, 133, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974)). Here, there is no showing of an irreconcilable conflict between the charging order remedy and the previously existing judgment creditor’s remedy and therefore no basis for overcoming the presumption against the implied abrogation of a statutory remedy.
Given the absence of any textual or contextual support for the appellants’ position, for them to prevail it would be necessary for us to rely on a presumption contrary to the presumption against implied repeal— that is, a presumption that the legislative adoption of one remedy with respect to a particular subject abrogates by implication all existing statutory remedies with respect to the same subject. Our law, however, is antithetical to such a presumption of implied abrogation of remedies. See Richey; Thornber; Tamiami Trail Tours, Inc. v. City of Tampa, 159 Fla. 287, 31 So.2d 468, 471 (Fla.1947).
In sum, we reject the appellants’ argument because it is predicated on an unwarranted interpretive inference which transforms a remedy that is nonexclusive on its face into an exclusive remedy. Specifically, we conclude that there is no reasonable basis for inferring that the provision authorizing the use of charging orders under section 608.433(4) establishes the sole remedy for a judgment creditor against a judgment debtor’s interest in single-member LLC. Contrary to the appellants’ argument, recognition of the full scope of a judgment creditor’s rights with respect to a judgment debtor’s freely alienable membership interest in a single-member LLC does not involve the denial of the plain meaning of the statute. Nothing in the text or context of the LLC Act supports the appellants’ position.
III. CONCLUSION
Section 608.433(4) does not displace the creditor’s remedy available under section 56.061 with respect to a debtor’s ownership interest in a single-member LLC. Answering the rephrased certified question in the affirmative, we hold that a court may order a judgment debtor to surrender all right, title, and interest in the debtor’s single-member LLC to satisfy an outstanding judgment.
It is so ordered.
QUINCE, C.J., and PARIENTE, LABARGA, and PERRY, JJ., concur.
LEWIS, J., dissents with an opinion, in which POLSTON, J., concurs.