[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2010
JOHN LEY
CLERK

_____

No. 06-13254

_____

D. C. Docket No. 03-02353-CV-T-17-TBM

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

versus

PEOPLES CREDIT FIRST,
LLC, et al.,

Defendants,

SHAUN OLMSTEAD,
JULIE CONNELL,

Defendants-Appellants,

versus

MARK BERNET,

Receiver-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 29, 2010)

Before EDMONDSON, KRAVITCH and ALARCÓN,[*] Circuit Judges.

PER CURIAM:

This case raises a question of Florida law. The question is whether a court, at the request of a judgment-creditor, may order a judgment-debtor to surrender all "right, title, and interest" in the debtor's single-member limited liability company ("LLC"), even though that LLC is no party to the garnishment action. The case returns to us after we certified a question to the Florida Supreme Court. See Fed. Trade Comm'n v. Olmstead, 528 F.3d 1310 (11th Cir. 2008) ("Olmstead I"); Olmstead v. Fed. Trade Comm'n, -- So. 3d -- (Fla. 2010), 2010 WL 2518106 ("Olmstead II"). Based on the Florida Supreme Court's response to this question, we conclude that a court may order a judgment-debtor to surrender all "right, title, and interest" in the debtor's non-party single-member LLC to satisfy a judgment-

_____

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

creditor's claims; therefore, we affirm the district court.

## I. BACKGROUND

Shaun Olmstead and Julie Connell (together, "Defendants") operated an advance-fee credit card scam. Through the corporate defendants, Peoples Credit First, LLC ("PCF") and Consumer Preferred, LLC ("CP"), Defendants mailed consumers over ten million solicitations that created the impression that the consumer could receive a "platinum" credit card like a VISA or MasterCard in exchange for a payment of $45 or $49. Instead, consumers received a platinum-colored card usable only for purchasing products from Defendants' merchandise catalog or website. The Federal Trade Commission ("FTC") filed this action, alleging violations of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive trade practices. The district court granted the FTC's motion for summary judgment, entering a judgment for injunctive relief and for more than $10 million in restitution against Defendants. Defendants' assets, including several Florida LLCs in which either Olmstead or Connell was the sole member, were frozen and placed in receivership.

Defendants appealed the grant of summary judgment but did not seek a stay

3

of execution; so, to satisfy the judgment partially, the FTC moved to compel Defendants to surrender their membership interests in their non-party single-member LLCs to the receiver. Defendants objected, arguing that the FTC only has the rights of an assignee under Florida law. The district court nevertheless granted the FTC's motion. In this appeal, Defendants challenge the district court's order that commanded them to surrender their membership interests in the LLCs to the receiver. For additional background, see Olmstead I, 528 F.3d at 1311-13.

On appeal from the district court's grant of the FTC's motion to compel surrender of the membership interests in the LLCs, we were unable to determine whether Florida law allows a court to order a judgment-debtor to surrender all "right, title, and interest" in the debtor's single-member LLC. Therefore, we certified a question to the Florida Supreme Court, asking it to help us to understand state-law issues of judgment-debtor liability in the light of Florida's Limited Liability Company Act ("LLC Act"), particularly Fla. Stat. § 608.433(4).

The Florida Supreme Court kindly consented to the certification and provided an answer to our question. The Florida Court concluded that Florida law permits a court to order a judgment-debtor to surrender all right, title, and interest in the debtor's single-member LLC to satisfy an outstanding judgment. Olmstead II at *1. Given the Florida Supreme Court's explanation of Florida law, we turn

4

now to rule on the Defendants' claims.

## II. DISCUSSION

Defendants argue that the surrender order is in error because it is contrary to Florida's LLC Act, specifically Fla. Stat. § 608.433(4). Section 608.433(4) provides:

> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the limited liability company membership interest of the member with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of such interest. This chapter does not deprive any member of the benefit of any exemption laws applicable to the member's interest.

Because the plain language of this provision draws no distinction between single-member and multiple-member LLCs, Defendants argue that a charging order is the only remedy that a judgment-creditor may obtain against the membership interest of an LLC member, even if that member is the sole member of the LLC. Therefore, Defendants assert that the district court erred by ordering Defendants to surrender "all of their right, title, and interest" in their single-member LLCs.

No earlier Florida case law had directly addressed the application of Section 608.433(4) to single-member LLCs. In its certified-question response, the Florida

5

Supreme Court explained that the charging-order remedy provided by Section 608.433(4) does not establish the exclusive remedy for judgment-creditors of single-member LLCs. The charging-order provision does not supplant the remedy provided in Fla. Stat. § 56.061, which allows "stock in corporations" to be "subject to levy and sale under execution." Instead, the charging-order remedy "provides a special means . . . for a creditor to seek satisfaction when a debtor's membership interest is not freely transferable but is subject to the right of other LLC members to object to a transferee becoming a member and exercising the management rights attendant to membership status." Olmstead II at *4. Where, in contrast, an LLC has a single member, "the set of 'all members other than the member assigning the interest' is empty" and the assignee of the membership interest is entitled to take the "full right, title, and interest of the transferor -- without consent of anyone other than the transferor." Olmstead II at *4. Accordingly, "[s]ection 608.433(4) does not displace the creditor's remedy available under section 56.601 with respect to a debtor's ownership interest in a single-member LLC" and "a court may order a judgment debtor to surrender all right, title, and interest in the debtor's single-member LLC to satisfy an outstanding judgment." Olmstead II at *7.

Here, Defendants have membership interests in single-member LLCs. Where an LLC has only one member, no need exists to protect the interests of

other members by restricting judgment-creditors to a charging-order remedy. So, a judgment-creditor is not barred from pursuing the remedy available under section 56.601, which allows a court to levy upon a defendant's interest in stock in a corporation, including a membership interest in an LLC. The district court, thus, properly granted the FTC's motion to compel the surrender of assets.

## III. CONCLUSION

For these reasons, we affirm the district court's order compelling the Defendants to surrender all "right, title, and interest" in their single-member LLCs. AFFIRMED.