# Third District Court of Appeal

## State of Florida

Opinion filed August 24, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1448
Lower Tribunal No. 07-46108
_____


**Eliahu Abukasis,**
Appellant,

vs.

**MTM Finest, Ltd., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Arthur J. Morburger, for appellant.

Rosenfeld Stein Batta, P.A., and Allan M. Stein, for appellees.


Before SHEPHERD, LAGOA and SCALES, JJ.

SHEPHERD, J.

Eliahu Abukasis appeals a post-judgment order transferring his membership interest in A & E Two Associates, LLC, toward the satisfaction of a $179,108.77 money judgment held by MTM Finest, Ltd., against Abukasis.[1] Finding no authority for an order directly transferring an interest in property to a judgment creditor in partial or full satisfaction of a money judgment, we reverse the order of the trial court.

MTM's final money judgment emanates from a failure of Abukasis to pay a delinquent loan and the purchase price of an automobile. On March 2, 2015, five years after entry of the final judgment, MTM filed a "Notice to Produce in Aid of Execution" to Abukasis, of his membership interest in A & E Two Associates, LLC, at a scheduled hearing, failing which MTM would "seek a court order judicially transferring the ownership interest of Abukasis to the plaintiff [MTM] with all rights of ownership including alienation and all rights to proceeds of any real estate sales." On April 13, 2015, at the time and place set for the hearing on the Notice to Produce, the trial court granted the transfer as follows:

---

[1] We have jurisdiction. See Fla. R. App. P. 9.110. Prior to November 6, 2014, post-decretal final orders were treated as "non-final orders" reviewable as such pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). Effective on that date, our Supreme Court amended Rule 9.130(a)(4) to delete the portion of the rule which treated post-decretal orders as "non-final" orders. Post-decretal orders are now reviewable as final orders at such time as the order exhibits the attributes of a final order. See In re Amendments to Florida Rules of Appellate Procedure, 183 So. 3d 245, 253 (Fla. 2014).

> Plaintiff's motion [sic] is granted and pursuant to Fla. Stat. 605.0503(7)(b) [and](c) and Fla. Stat. 726.108[(1)(c)3] the membership interest of Eliahu Abukasis in A & E Two Associates LLC is transferred to plaintiff MTM Finest, LTD. with full rights of ownership including alienation and all rights to any surplus proceeds resulting from any foreclosure sales of real property.

Abukasis was not present at the hearing either personally or through counsel and, in fact, had not participated in the litigation since March 2009, when his pleadings were stricken for failure to comply with a court order entered at the end of 2008, granting withdrawal of his counsel and requiring him to advise the court whether he intended to proceed pro se.

The transfer order, however, rekindled Abukasis' interest in the litigation. For the first time in nearly seven years, Abukasis retained counsel, who filed a motion for rehearing from the April 13 order alleging, inter alia, that the court lacked jurisdiction to enforce the final judgment because it had not reserved jurisdiction to do so, and that the transfer of the membership interest in A & E Two Associates, LLC, whether in full or partial satisfaction of the money judgment, was unauthorized. The trial court denied rehearing, and Abukasis appealed raising the same points as those raised in his motion for rehearing.

The first point raised by Abukasis, that the trial court lacked jurisdiction to enforce the final judgment, is meritless. The final judgment contains the magic words "for which let execution issue." See DuBreuil v. Regnvall, 527 So. 2d 249 (Fla. 3d DCA 1988) (perpetuating the ancient ritual in this court that the words "for

3

which let execution issue" are necessary to obtain a writ of execution); but see Getman v. Tracey Constr., Inc., 62 So. 3d 1289, 1291 (Fla. 2d DCA 2011) (stating "the language 'for which let execution issue' is not essential to the finality of a judgment"); Friedman v. Friedman, 825 So. 2d 1010, 1011 (Fla. 4th DCA 2002) ("[T]he words "for which let execution issue" are not essential in order for a judgment to be final.") (citing Chan v. Brunswick Corp., 388 So. 2d 274, 275 (Fla. 4th DCA 1980) ("[W]e find no requirement in the Florida Statutes that execution be specifically referred to in a final judgment.")); see also Landing Grp. of Tampa, Inc. v. Kifner, 951 So. 2d 1014, 1017 (Fla. 5th DCA 2007) ("The traditional test for 'determining the finality of an order, judgment, or decree is whether the order in question marks the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the cause as between the parties directly affected.'") (citing Pruitt v. Brock, 437 So. 2d 768, 773 (Fla. 1st DCA 1983)).

On the second point raised by Abukasis, we are compelled to reverse. Assuming A & E Two Associates, LLC, is a lawfully established and existing limited liability company and Abukasis owns a membership interest in the company, the process employed by MTM to realize upon the Abukasis' membership interest failed to conform with even the most rudimentary requirements of section 605.0503 of the Florida Statutes (2015). See Olmstead v.

4

<u>Fed. Trade Comm'n</u>, 44 So. 3d 76 (Fla. 2010) (describing the application of charging orders to interests in limited liability corporations); <u>Regions Bank v. Hyman</u>, 2015 WL 1912251, \*7 (M.D. Fla. Apr. 27, 2015) (discussing amendments to former section 605.0503 then numbered section 608.433, which were brought on by <u>Olmstead</u> and served "to clarify the exclusive remedies available to a judgment creditor as to a judgment debtor's interest in an LLC: a charging order, or a charging order followed by a foreclosure sale"). The attempted application of section 726.108, Florida Statutes, the fraudulent transfer statute, is similarly flawed.

For the foregoing reasons, we reverse the order of the trial court and remand for further proceedings.