IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOEANN MCCLANDON,

       Appellant,

 v.                                                                                          Case No.  5D16-3300

DAKEM & ASSOCIATES, LLC,

       Appellee.

_____/

Opinion filed May 26, 2017

Non-Final Appeal from the Circuit Court
for Seminole County,
Jessica J. Recksiedier, Judge.

Stephanie L. Cook and Robert Clayton
Roesch, of Shuffield, Lowman & Wilson,
P.A., Orlando, for Appellant.

Jon Marshall Oden, of Ball Janik, LLP,
Orlando, for Appellee.

PER CURIAM.

      This appeal arises out of proceedings supplementary below where

Appellee/judgment creditor Dakem & Associates, LLC is attempting to collect on a twelve-

year-old judgment from Appellant/judgment debtor, Joeann McClandon.  Appellant has a

controlling interest in eleven limited liability companies ("LLCs").  Appellee filed the

proceedings supplementary to reach the distributions from these LLCs to satisfy its

judgment. The trial court granted a charging order in Appellee's favor against Appellant's transferable interest in the LLCs. To enforce the charging order, the court appointed a receiver to take control of four of the LLCs' finances, acting as the de facto Chief Financial Officer, and authorized the receiver to make financial management decisions.

Appellant takes issue with the portion of the trial court's order appointing a receiver. She argues that section 605.0503, Florida Statutes (2015), permits a charging order as the sole exclusive remedy to attach a judgment debtor's interest in a multi-member LLC and that there is no authority under that statute for the appointment of a receiver. On the other hand, Appellee counters that the receiver is necessary to give the charging order "teeth" and that the court was well within its jurisdiction to appoint a receiver pursuant to subsections 605.0503(7)(c) and (d). We agree with the trial court in part and reverse in part.

Appellee obtained a judgment against Appellant in Nevada in 2005. In 2008, Appellee domesticated the Nevada judgment in Florida and began proceedings to collect the amounts owed, which culminated in the order at issue. Section 605.0503 permits the court to enter a charging order against a judgment debtor's transferrable interest and requires the LLC to pay over to the judgment creditor any distribution that would otherwise be paid to the judgment debtor. Subsection (3) dictates that "a charging order is the sole and exclusive remedy by which a judgment creditor . . . or member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to distributions from the limited liability company." § 605.0503(3), Fla. Stat. (2015). That being said, subsection (7) provides that "[t]his section does not limit any of the following":

(c)  the availability of the equitable principles of alter ego, equitable lien, or constructive trust or other equitable principles not inconsistent with this section.

(d)  the continuing jurisdiction of the court to enforce its charging order in a manner consistent with this section.

§§ 605.0503(7)(c)-(d). It is clear to this Court that the trial court did not abuse its discretion when it appointed a receiver to enforce its charging order.[1]  However, it did abuse its discretion in determining the scope of the receiver's power – specifically, by authorizing the receiver to have managerial control over the LLCs.  The commentary under RULLCA provides that:

Under this section, the judgment creditor of a member or transferee is entitled to a charging order against the relevant

---

[1] Florida's Revised Limited Liability Act is based on the Revised Uniform Limited Liability Company Act of 2006, as amended in 2011 ("RULLCA").  Section 503 of RULLCA provides in part:

**SECTION 503. CHARGING ORDER.**

(a) On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.

(b) To the extent necessary to effectuate the collection of distributions pursuant to a charging order in effect under subsection (a), the court may:

(1) appoint a receiver of the distributions subject to the charging order, with the power to make all inquiries the judgment debtor might have made; and

(2) make all other orders necessary to give effect to the charging order.

> transferable interest. While in effect, that order entitles the judgment creditor to whatever distributions would otherwise be due to the member or transferee whose interest is subject to the order. However, the judgment creditor has no say in the timing or amount of those distributions. The charging order does not entitle the judgment creditor to accelerate any distributions or to otherwise interfere with the management and activities of the limited liability company.

RULLCA § 503 cmt. Under RULLCA and section 605.0503, the charging order entered by the court should have only directed the LLCs to divert Appellant's rights to the LLCs' profits and distributions to Appellee. Stated differently, the charging order should have only divested Appellant of her economic opportunity to obtain profits and distributions from the LLC, charging only her membership interest, not her managerial rights. To the extent that the order appointing the receiver authorized the receiver to exercise managerial control over the LLCs, it exceeded the permissible scope and is reversed. In sum, the order granting the charging order and appointing the receiver is affirmed; however, the portions of the order permitting the receiver to be the financial officer of the LLC and exercise managerial control is reversed. The management control remains with the LLCs.

AFFIRMED in part and REVERSED in part.

PALMER and WALLIS, JJ., and JACOBUS, B.W., Senior Judge, concur.