PER CURIAM. Capstone Bank challenges the trial court’s order finding that an Alabama divorce judgment obtained by former wife Christy Richards constitutes a charging order that has priority over the charging order issued to Capstone Bank in this proceeding, each regarding the former husband’s membership interest in Perry-Clifton Enterprises, LLC, a Florida limited liability company. A charging order is “a remedy that a creditor of a member in an LLC (or of a partner in a limited partnership) can receive from a court that instincts the entity to give the creditor any distributions that would otherwise be paid to the partner or member from the entity.” Alan S. Gassman, After Olmstead: Will a Multiple-member LLC Continue to Have Charging Order Protection?, 84 Fla. B.J. 10, (December 2010); see also Krauth v. First Cont’l Dev-Con, Inc., 351 So.2d 1106, 1108 (Fla. 4th DCA 1977) (“The charging order is a flexible court-supervised substitute for the more disruptive process of execution by the sheriff.”); Trawick, Fla. Prac. & Proc. § 27:11 (2016-2017 ed.) (“A charging order is the method used to collect a judgment when the judgment debtor has partnership or limited liability company assets.”). On April 14, 2015, the Circuit Court of Etowah County, Alabama issued a Final Judgment of Divorce (the “Alabama Judgment”) which included reference to the membership interest of the former husband, Christopher Richards, in Perry-Clifton Enterprises, LLC. The Judgment provides that: In consideration for the property settlement awarded to Christy, Chris shall receive all right, title and interest in and to all business entities (Richard Motors, Inc.; Sunroc Properties, LLC; Economy Auto Mart, LLC; Perry-Clifton Enterprises; etc.), real property, automobiles, motorcycles, boats, aircraft and any future BP settlement proceeds, not otherwise awarded to the wife. However, the property settlement, unpaid alimony, or other financial obligations ordered payable by Chris for the benefit • of Christy shall act as a lien against Chris’ interest in all property awarded to him until paid in full. The Alabama Judgment stated: “Each party shall execute any and all documents necessary to carry out the intent of this Order.” Christy Richards recorded the Alabama Judgment in the Public Records of Okaloosa County, Florida and filed an affidavit stating that she remained unpaid. She did not seek issuance of a charging order. On September 22, 2015, the trial court in Okaloosa County, Florida granted Capstone Bank’s motion for a charging order against the membership'interests of Christopher L. Richards and John Erie Richards in’Perry-Clifton Enterprises, LLC. In response, on November 4, 2015, Christy Richards made a motion to intervené and a motion to stay the bank’s charging order. The trial court determined that the Alabama Judgment itself constituted ' a charging, order and was obtained prior to Capstone Bank’s charging order, thereby giving Christy Richards priority in the membership . interest of Christopher' L. Richards in Perry-Clifton Enterprises, LLC. The question is whether the Alabama Judgment is a de facto charging order under Florida law, such that its entry by the Alabama court before entry of the competing charging order of Capstone Bank grants it priority. We start by noting that under Florida law-a charging order requires application to a court for its issuance. Section 605.0503(1), Florida Statutes (2014)r provides: “On application to a court of competent jurisdiction -by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest.” (Emphasis-added). This language requires that a judgment creditor must file a motion for a charging order in order for one to be issued. See also Trawick, Fla. Prac. & Proc. § 27:11 (2016-2017 ed.). (citing Fla. R. Civ. P. Rule 1.100(b)) (“The judgment creditor must file a motion for a charging order and allege the judgment, that it has not been paid and the interest that the judgment creditor . seeks to charge,”); Regions Bank v. Alverne Assocs., LLC, 456 S.W.3d 52, 56 (E.D. Mo. 2014) (citing Mo. Rev. Stat. § 347.119 (1993)) (“To obtain a charging order, the judgment creditor must file an ‘application to a court of competent jurisdiction.’”); Jay D. Adkisson, Charging Orders: The Peculiar Mechanism, 61 S.D. L. Rev. 440, 454 (2016) (internal citations omitted) (A charging order “requires that the creditor file a motion for charging order with the court, serve the debtor and often either the LLC, or all its members, and then have a hearing before the court where the merits of the charging order are considered.”). The need for issuance of a charging order is due to its exclusivity as a remedy in Florida, whose Legislature recently enacted a statute making it clear that “a charging order is the sole and exclusive remedy by which a judgment creditor of a member or member’s transferee may satisfy a judgment from the judgment debt- or’s interest in a limited liability company or rights to distributions from the limited liability company” for multiple-member LLCs, the so-called Olmstead patch. § 605.0503(3), Fla. Stat. (2014) (emphasis added).[1] Accordingly, a judgment lien alone does not amount to a charging order. See Branch Banking and Trust Co. v. Crystal Ctr., LLC, No. 8:15-cv-1462-T-30AAS, 2016 WL 7650655, at *1 (M,D. Fla. December 12, 2016) (stating “the interest held by a member in a limited liability company is not subject to execution under Fla. Stat. § 55.061, and a judgment-creditor must, instead, seek a charging order against such interest”) adopted in part and reversed in part, No. 8:15:cv-1462-T-30AAS, 2017 WL 57345 (M.D. Fla. January 5, 2017). Here, the language of the Alabama Judgment creates a lien against the membership interest of Christopher Richards in Perry-Clifton Enterprises, LLC, for nonpayment of his obligations therein,' but it does not itself rise to the level of a charging order for which Florida has established a procedure for issuance. • As such, Christy Richards would need to apply for a charging order against the membership interest in Perry-Clifton Enterprises, LLC, which is the “sole and exclusive remedy” available against a limited liability company of this type. § 605.0503(3), Fla. Stat. Because Christy Richards did not obtain a charging order, the trial court erred in concluding that the Alabama Judgment had priority over Capstone Bank’s charging order. REVERSED. WOLF, RAY, and MAKAR, JJ., CONCUR. . "In response to Olmstead [v. F.T.C., 44 So.3d 76 (Fla. 2010) .the Legislature amended Sec, 608.433, Fla. Stat. [replaced by § 605.0503) to clarify the exclusive remedies available to a judgment creditor as to a judg,ment debtor’s interest in an LLC: a charging order, or a charging order followed by a foreclosure sale.” Regions Bank v. Hyman, No. 8:09-CV-1841-T-17MAP, 2015-WL 1912251, at *1, *7 (M.D. Fla. April 27, 2015), Section 608.433 was repealed in 2015 and became section 605.0503. See Historical and Statutory Notes, § 608.433, Fla, Stat.