DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL PANSKY,**
Appellant,

v.

**BARRY S. FRANKLIN & ASSOCIATES, P.A.,**
Appellee.

No. 4D16-1353

[February 13, 2019]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. FMCE 12-013820 (41/97).

Scott Edwards of Scott J. Edwards, P.A., Boca Raton, for appellant.

Barry S. Franklin of Barry S. Franklin & Associates, P.A., Aventura, for appellee.

PER CURIAM.

Daniel Pansky appeals from a trial court's nonfinal order authorizing a charging order and transfer of his interest in Daniel Pansky, LLC in favor of his judgment creditor, the law firm of Barry S. Franklin & Associates, P.A. ("law firm"). Because we find the trial court exceeded its statutory authority pursuant to section 605.0503, Florida Statutes (2016), when it transferred Pansky's "right, title, and interest" in the limited liability company, we reverse.

The underlying facts show that the law firm had previously represented Pansky in a divorce proceeding. The law firm withdrew as counsel, claiming it was owed attorney's fees that Pansky had not paid. The law firm obtained monetary judgments for the claimed fees and attempted to collect on the judgments by filing a motion for charging order against Daniel Pansky, LLC, in which Pansky has an ownership interest. The law firm also sought transfer of Pansky's ownership interest in the LLC to the law firm.

Pansky conceded that the law firm was entitled to entry of a charging order, but objected to any transfer of his ownership interest in the LLC.

The trial court held a hearing on the law firm's motion and orally ruled that based on Pansky's concession, an agreed order granting a charging order would be entered. The court stated that it would reserve ruling on any additional relief beyond a charging order that the law firm requested.

The trial court entered a written order granting the charging order, but also transferring Pansky's "right, title, and interest" in the LLC. It is from this order that Pansky appeals.

Section 605.0503(3), Florida Statutes, provides that "a charging order is the *sole and exclusive remedy* by which a judgment creditor of a member or member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to distributions from the limited liability company." *Id.* (emphasis added).

"[A] charging order constitutes a lien upon a debtor's transferable interest and requires the [LLC] to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor." § 605.0503(1), Fla. Stat. (alterations added).

For single-member LLCs, a charging order is "*not* the sole and exclusive remedy by which the judgment creditor may satisfy the judgment. . . ." § 605.0503(4), Fla. Stat. (emphasis added). In the case of a single-member LLC:

> [I]f a judgment creditor of a member or member's transferee establishes to the satisfaction of a court of competent jurisdiction that distributions under a charging order will not satisfy the judgment within a reasonable time . . . upon such showing, the court may order the sale of that interest in the limited liability company pursuant to a foreclosure sale.

*Id.*

Here, a factual dispute exists as to whether Daniel Pansky is the sole member of the LLC. Pansky maintains that it is a two-member LLC, such that only a charging order is authorized, and the law firm contends that Pansky is the sole member.

At the hearing on the law firm's motion, the court stated "I don't have enough in front of me to show it's a one-member LLC that I can give you-

2

all [sic] that other relief. But since there's no opposition to the entry of the charging order, that's granted."

As such, the court stated it would "reserve jurisdiction on the other prayers for relief, such as [a freeze order] and *transferring Mr. Pansky's ownership interest*" until the factual disputes were determined at a later proceeding. (emphasis added).

In *Abukasis v. MTM Finest, Ltd.*, the Third District reversed a trial court's order which transferred the appellant's "membership interest" in an LLC toward the satisfaction of a debt. *Abukasis v. MTM Finest, Ltd.*, 199 So. 3d 421, 422 (Fla. 3d DCA 2016). The Third District explained that it found "no authority for an order directly transferring an interest in property to a judgment creditor in partial or full satisfaction of a money judgment." *Id.*

The Third District further stated that the trial court "failed to conform with even the most rudimentary requirements of section 605.0503[.]" *Id.* at 423; *see also McClandon v. Dakem & Assocs., LLC*, 219 So. 3d 269, 271 (Fla. 5th DCA 2017) (explaining that a charging order should only divest a debtor of his or her "economic opportunity to obtain profits and distributions from the LLC," and it should charge only the debtor's membership interest and not managerial rights); *Capstone Bank v. Perry-Clifton Enter., LLC*, 230 So. 3d 970, 971 (Fla. 1st DCA 2017) (explaining that a charging order instructs the entity to give the creditor any distributions that would otherwise be paid to the member of the entity).

On appeal, the law firm contends that the trial court's order does not make a transfer or conveyance of property or assets. The firm asserts that the order merely adjudicates the law firm's entitlement to a charging order. We find this argument unconvincing.

The trial court's order plainly contains language transferring Pansky's "right, title, and interest" in the LLC to the law firm. Because we find that the order goes beyond granting a charging order—as was agreed to by the parties and authorized by statute—we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

GERBER, C.J., CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

3

*Not final until disposition of timely filed motion for rehearing.*