# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**JOHN A. KOSTOGLOU,**
Appellant,

v.

**JOHN FORTUNA,**
Appellee.

No. 4D19-168

[February 19, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 50-2018-CA-000777-XXXX-MB.

Matthew B. Weissberg of the Law Office of Matthew B. Weissberg, P.A., West Palm Beach, for appellant.

Mark E. Pena of the Law Office of Mark E. Pena, P.A., Tampa, for appellee.

DAMOORGIAN, J.

John A. Kostoglou ("Creditor") appeals an order granting him a charging order against John Fortuna's ("Debtor") interest in, but precluding any distributions from, a limited liability company ("LLC"). We affirm the order as to the granting of a charging order against Debtor's interest without further comment. However, we reverse part of the order denying Creditor the right to receive Debtor's distributions from the LLC.

By way of background, Creditor obtained a judgment against Debtor in Ohio. After domesticating the foreign judgment, Creditor sought to satisfy his judgment by obtaining a charging order against Debtor's interest and rights to distributions in a multi-member LLC pursuant to section 605.0503, Florida Statutes. Debtor holds a 5% interest in the LLC, which entitles Debtor to receive a 5% distribution of earnings subject to working capital from the LLC. The court concluded that Creditor was entitled to a charging order against Debtor's interest in the LLC but not to the right to distribution of earnings. This appeal follows.

Pursuant to section 605.0503(1), Florida Statutes, "a charging order constitutes a lien upon a judgment debtor's transferable interest and *requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor.*" § 605.0503(1), Fla. Stat. (2019) (emphasis added). This concept is further reiterated in the statute under section 605.0502(2), Florida Statutes, which states that "[a] transferee has the right to receive, in accordance with the transfer, distributions to which the transferor would otherwise be entitled." § 605.0502(2), Fla. Stat. (2019).

This Court has recognized that section 605.0503, Florida Statutes, authorizes the court to enter a charging order against a judgment debtor's transferrable interest and requires an LLC to pay over to the judgment creditor any distribution that would otherwise be paid to the judgment debtor. *See Panksy v. Barry S. Franklin & Assocs., P.A.*, 264 So. 3d 961, 962 (Fla. 4th DCA 2019). Our sister courts have also held the same. *See McClandon v. Dakem & Assocs., LLC*, 219 So. 3d 269, 271 (Fla. 5th DCA 2017) ("Under . . . section 605.0503, the charging order entered by the court should have only directed the LLCs to divert [the debtor's] rights to the LLCs' profits and distributions to [the creditor]."); *Capstone Bank v. Perry-Clifton Enters., LLC*, 230 So. 3d 970, 971 (Fla. 1st DCA 2017) ("A charging order is 'a remedy that a creditor of a member in an LLC . . . can receive from a court that instructs the entity to give the creditor any distributions that would otherwise be paid to the . . . member from the entity.'") (quoting Alan S. Gassman et al., *After Olmstead: Will a Multiple-member LLC Continue to Have Charging Order Protection?*, FLA. B.J., Dec. 2010, at 8, 8).

Accordingly, we reverse in part the charging order to the extent that it denied Creditor's claim to Debtor's share of distributions from the LLC and remand for entry of a charging order requiring the LLC to pay over to Creditor any distribution that would otherwise be paid to Debtor.

*Affirmed in part, reversed in part, and remanded.*

GROSS and KLINGENSMITH, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**