Danesh **PAJOOH** and U.S. Capital Investments LLC, Appellants

v.

**ROYAL WEST INVESTMENTS LLC, SERIES E, Appellee**

NO. 01-16-00185-CV

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued March 30, 2017

G. Scott Williams, 1811 Bering Drive, Suite 120, Houston, TX 77057, for Appellant.

William C. Ferebee, Robert G. Miller, O'DONNELL, FEREBEE & FRAZER P.C., 1790 Hughes Landing Blvd, Suite 550, The Woodlands, TX 77380, for Appellee

Panel consists of Justices Bland, Massengale, and Lloyd.

## OPINION

Michael Massengale, Justice

Judgment debtors Danesh Pajooh and U.S. Capital Investments LLC appeal from the trial court's imposition of a receivership and grant of a turnover order on the request of their judgment creditor, appellee Royal West Investments LLC, Series E. Appellants Pajooh and U.S. Capital Investments contend that the trial court abused its discretion by appointing a receiver over a limited partnership jointly owned by them. In particular, they argue that the trial court's order conflicts with provisions of the Business Organizations Code which establish charging orders as the exclusive remedy for accessing a judgment debtor's interest in a limited partnership or a limited liability company. *See* TEX. BUS. ORGS. CODE §§ 101.112(d), 153.256(d).

The appellants also contend that the trial court abused its discretion for the following reasons: (1) they owned no interest in the property owned by the limited partnership; (2) the order imposed a receivership on a third-party entity—County Investment, LP—which was not a party to the underlying judgment; (3) there was no evidence that they owned any nonexempt property that could not be readily attached or levied on by ordinary legal process; and (4) Royal West failed to prove that it was entitled to equitable turnover or receivership relief.

We affirm the imposition of a receivership over Pajooh and U.S. Capital Investments. But because the trial court erred to the extent it imposed a receivership over the assets of County Investment and Pajooh's membership interest in U.S. Capital Investments, we reverse that aspect of the order.

## Background

Danesh Pajooh is a commercial real estate developer and investor. County Investment, LP, is a limited partnership comprised of Pajooh (a 99% limited partner) and U.S. Capital Investments LLC (a 1% general partner). The members of U.S. Capital Investments are Pajooh (99% owner) and his sister, Jila Mesgarpouran (1% owner).

Pajooh, U.S. Capital Investments, and Royal West Investments LLC, Series E entered into several real-estate transactions, including a purchase-and-sale agreement and a lease agreement. Disputes among the parties led to litigation and, in 2012, a judgment in favor of Royal West in the amount of $352,380 plus approximately $165,000 in attorneys' fees. Pajooh and U.S. Capital Investments were jointly and severally liable on this judgment, which was affirmed on appeal. *U.S. Capital Invs., LLC v. Shahbazi*, No. 02-12-00417-CV, 2014 WL 1713464 (Tex. App.—Fort Worth May 1, 2014, no pet.) (mem. op.).

Royal West's attempts to collect the judgment were nearly entirely fruitless. Two years after entry of judgment, Royal West had obtained property—a rental house owned by Pajooh—which sold for $7,500 through a writ of execution. Through discovery Royal West learned that Pajooh, individually and as 99% controlling member of U.S. Capital Investments, claimed that there were no nonexempt assets that could be used to satisfy the judgment. County Investment, however, owned real and personal property valued at approximately $4 million, such as commercial real estate, the Lexus SUV that Pajooh drives, antique automobiles, antique rugs, oil paintings, furniture, and other investments.

Royal West applied for a post-judgment turnover order and appointment of a receiver, but the trial court denied this motion when Pajooh and U.S. Capital Investments argued that the Business Organizations Code provides that a charging order is the exclusive remedy by which a judgment creditor may satisfy a judgment from the membership or partnership interest of a judgment debtor. Tex. Bus. Orgs. Code §§ 101.112(d), 153.256(d). Royal West then sought and obtained a charging order against Pajooh's membership interest in U.S. Capital Investments, prohibiting it from distributing to Pajooh "any membership distributions, profits, cash, assets, or other monies due or that shall become due" to him "by virtue of his membership interest." Instead, U.S. Capital Investments was required to "pay to Royal West Investment LLC, Series E all funds and assets whatsoever, which by virtue of the membership interest" would "have been distributed" to Pajooh. A similar charging order was entered the same day encumbering the partnership interests of Pajooh and U.S. Capital Investments in County Investment.

In November 2015, the trial court entered another order, requiring turnover and appointing a receiver under Sections 31.002 and 64.001 of the Civil Practice and Remedies Code. This order placed the two judgment debtors, Pajooh and U.S. Capital Investments, under receivership. It granted the receiver broad powers over the judgment debtors' nonexempt assets, expressly excluding their partnership interests in County Investment and Pajooh's membership interest in U.S. Capital Investments. The order specifically acknowledged that a charging order was the "exclusive remedy" to satisfy the judgment from the debtors' partnership interests in County Investment.

Pajooh and U.S. Capital Investments moved to vacate the turnover and receivership order and for a new trial. Despite the limiting language in the order, Pajooh and U.S. Capital Investments objected to the relief granted against nonparty County Investment as contrary to the exclusivity of the charging-order remedy pursuant to Section 153.256 of the Texas Business Organizations Code. Pajooh made a similar argument under Section 101.112 regarding his membership interest in U.S. Capital Investments.

The judgment debtors also argued that the order should be vacated because there was no evidence that they owned valuable nonexempt property that could not be readily attached or levied upon by ordinary legal process as required by Chapter 31 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 31.002(a)(2). Meanwhile, Royal West suspected that distributions of money from County Investment to Pajooh were being improperly transmitted in violation of the charging order, so it also sought modification of the turnover and receivership order.

The trial court amended its order, entirely replacing the prior turnover and receivership order. The court appointed a receiver over "the nonexempt assets" of Pajooh and U.S. Capital Investments, "including (but not limited to) their interest in County Investment L.P." The amended receivership order directed the receiver to:

1. Take immediate possession of all nonexempt property, assets and estates of every kind of Defendants, whatsoever and wheresoever located, belonging to or in their possession, including, but not limited to, all offices maintained by Defendants (including those offices at U.S. Capital Investments, LLC and County Investment LP), rights of action, books, papers, data processing records, evidences of debt, bank accounts (including nonexempt bank accounts belonging to Massood Danesh Pajooh, U.S. Capital Investments, LLC and County Investment L.P.), savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property wherever situated, and to administer such nonexempt assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2. Investigate the manner in which the affairs of Defendants were conducted and, with leave of this court, institute such actions and legal proceedings, for its benefit and for the benefit of creditors, as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred monies or other proceeds directly or indirectly traceable from Defendants . . . .;

3. Appoint one or more special agents, employ legal counsel, actuaries, accountants, Clerks, consultants and assistants as the Receiver deems necessary . . . .;

4. Engage persons . . . to assist . . . in carrying out the Receiver's duties and responsibilities, including, but not limited to constables, deputy constables, sheriffs, deputy sheriffs, or a private security firm;

5. Defend, compromise or settle legal actions in which Defendants, or the Receiver is a party, commenced either prior to or subsequent to this Order, with authorization of this Court;

6. Assume control of, and be named as authorized signatory for all nonexempt accounts . . . of Defendants (including, but not limited to, any account in the name of County Investment L.P.) . . . .;

7. Make or authorize such payments and disbursements in the ordinary course of business from the nonexempt funds and assets taken into control, or thereafter received by the Receiver from Defendants (including, but not limited to, funds and assets belonging to County Investment L.P.), and incur, or authorize the incurrence of, such expenses and make, or authorize the making of such agreements as may be

reasonable, necessary and advisable in discharging the Receiver's duties.

Pajooh and U.S. Capital Investments requested findings of facts and conclusions of law, which were not filed, and they filed a notice of appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1) (authorizing interlocutory appeal over an order that appoints a receiver).

### Analysis

On appeal, Pajooh and U.S. Capital Investments argue that the trial court abused its discretion by appointing a receiver. Among other arguments, they contend that the court erred because any relief other than a charging order granted against a partnership interest in County Investment or a membership interest in U.S. Capital Investments violated the exclusivity provisions in Sections 101.112 and 153.256 of the Texas Business Organizations Code. They also argue that the court erred because Royal West failed to meet its burden to show that it was entitled to a receivership under either Section 31.002 or Section 64.001 of the Civil Practice and Remedies Code.

### I. Statutory exclusivity of charging orders

■ We review a trial court's interlocutory order appointing a receiver for an abuse of discretion. *Benefield v. State*, 266 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2008, no pet.). To the extent we must interpret a statute, that aspect of our review is performed de novo. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009).

### A. County Investment partnership interests

■ Pajooh and U.S. Capital Investments argue that the court abused its discretion by imposing a receivership over their interests in County Investment L.P., in violation of a statute establishing charging orders as the exclusive remedy by which a judgment creditor of a partner may satisfy a judgment out of the debtor's partnership interest. *See* TEX. BUS. ORGS. CODE § 153.256(d).

Pajooh and U.S. Capital Investments contend that Business Organizations Code Section 153.256 expressly precluded any legal or equitable relief being granted as to the partnership interests in County Investment, beyond the previously entered charging orders. When interpreting a statute, we begin with the plain language of the statute and apply its common meaning. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). Straightforward statutory construction ensures that everyone is able "to rely on the plain language of a statute to mean what it says." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999).

A "charging order is the exclusive remedy by which a judgment creditor of a partner ... may satisfy a judgment out of the judgment debtor's partnership interest." TEX. BUS. ORGS. CODE § 153.256(d). A charging order constitutes a lien on a judgment debtor's partnership interest. *Id.* § 153.256(c). A "partnership interest" is defined as "a partner's interest in a partnership," including "the partner's share of profits and losses or similar items and the right to receive distributions." *Id.* § 1.002(68).

■ The charging order was developed to prevent disruption of a partnership's business by a judgment creditor seeking to force an execution sale of a partner's interest to satisfy a nonpartnership debt. *Stanley v. Reef Secs., Inc.*, 314 S.W.3d 659, 664 (Tex. App.—Dallas 2010, no pet.). It "entitles the judgment creditor to receive a partner's share" of profits directly from the partnership "when and if those profits

are distributed." *Id.* But it does not entitle a creditor to participate in the partnership or to compel a distribution of profits. *Id.* at 664–65. A judgment creditor may not "obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited partnership." TEX. BUS. ORGS. CODE § 153.256(f).

### 1. Policy arguments

Royal West argues that the exclusivity provision of Section 153.256(d) does not apply in this case. Relying on *In re Albright*, 291 B.R. 538 (Bankr. D. Colo. 2003), and *Olmstead v. F.T.C.*, 44 So.3d 76 (Fla. 2010), it argues that the policy reasons supporting the issuance of a charging order are absent in this case. Royal West contends that a charging order is meant to protect non-debtor members of a limited partnership or limited liability company "from having involuntarily to share governance responsibilities with someone they did not choose, or from having to accept a creditor of another member as co-manager." *Albright*, 291 B.R. at 541. So understood, a charging order would be pointless when the entity has only one member.

Without other non-debtor members, there are no other parties' interests to protect.

We decline to follow *Albright* or *Olmstead*. As opinions from foreign jurisdictions, they are not binding on this court. More importantly, they are distinguishable because their holdings rely on statutes that are unlike the one enacted in Texas.[1] Royal West's argument, that the policy that motivated the passage of Section 153.256(d) does not apply to the particular facts of this case, does not justify a departure from the statute's plain text.

As an additional policy-based argument, Royal West suggests that the "plain language and the legislative intent of Section 153.256(d) also apply to fraudulent transfers," and that the enforcement of the exclusivity of the charging-order remedy "would vitiate Texas fraudulent transfer law." Royal West does not suggest an actual conflict between the fraudulent transfer law and Section 153.256(d) in this case, and we are unpersuaded by the suggestion of a conflict in the abstract. Section 153.256(d) specifies the charging order as "the exclusive remedy by which a judgment creditor of a partner . . . may satisfy

---

1. In *Albright*, the bankruptcy debtor was the sole member of an LLC that owned real property in Colorado. *In re Albright*, 291 B.R. 538, 539 (Bankr. D. Colo. 2003). The bankruptcy court held, as a matter of Colorado law, that the debtor's Chapter 7 bankruptcy filing assigned her membership interest in the LLC to the bankruptcy estate, transferring to the trustee the right to manage it—including the right to liquidate the LLC's assets. *Id.* at 540–41. That decision rested on Colorado law that recognized the trustee as the "substituted member" of the LLC, with all the rights of the member who assigned her membership interest to the bankruptcy estate. *See id.* at 540 & n.5 (citing COLO. REV. STAT. § 7-80-702). There is no analogous Texas statute that justifies a transfer of control over the limited partnership in this case.

In *Olmstead*, the Florida Supreme Court considered whether, under Florida law, "a

court may order a judgment-debtor to surrender all 'right, title, and interest' in the debtor's single-member limited liability company to satisfy an outstanding judgment." *Olmstead v. F.T.C.*, 44 So.3d 76, 77–78 (Fla. 2010). *Olmstead* concerned a charging order against a single-member LLC, *id.* at 79, and in contrast to the Texas statute at issue in this appeal, the Florida statute plainly provided that a charging order was a nonexclusive remedy as to an LLC. *Id.* at 81–82. In response to *Olmstead*, the Florida legislature amended the statute to clarify that the exclusive remedies available to a judgment creditor as to a judgment debtor's interest in an LLC are a charging order or a charging order followed by a foreclosure sale. *See Regions Bank v. Hyman*, No. 8:09-CV-1841-T-17MAP, 2015 WL 1912251, at *7 (M.D. Fla. Apr. 27, 2015).

a judgment out of the judgment debtor's partnership interest." But to the extent a debtor is shown to have fraudulently transferred an asset to a partnership in which the debtor has a partnership interest, the creditor's remedies are not limited to the debtor's partnership interest. Instead, the creditor is authorized to obtain an avoidance of the fraudulent transfer to the extent necessary to satisfy the creditor's claim, as well as other direct remedies under the Uniform Fraudulent Transfer Act. *See* TEX. BUS. & COM. CODE § 24.008. At least as applied in this case, there is no apparent conflict between fraudulent-transfer remedies and the exclusivity of the charging order as a means to satisfy a judgment out of a debtor's partnership interest.

### 2. Textual arguments

Royal West also asserts an argument based on statutory text that Section 153.256(d) is inapplicable. It asserts that the statutory text refers to "a judgment creditor of a partner," TEX. BUS. ORGS. CODE § 153.256(d), but not to a judgment creditor of "all of the partners." Royal West reasons that unless the Legislature indicates a contrary intent, words appearing in different parts of the same statute should be afforded the same meaning. *See State v. Haltom Med. Inv'rs, L.L.C.*, 153 S.W.3d 664, 669 (Tex. App.—Fort Worth 2004, no pet.). Suggesting that several other statutory provisions pertaining to limited and general partnership statutes use "a partner" to refer to one or more but fewer than all of the partners,[2] Royal West contends that reference to "a partner" in Section 153.256(d) also must apply only to one or more partners but fewer than all of

them—in other words, not to a situation when all of the partners are jointly liable.

■ Section 153.256(d) is capable of a straightforward interpretation without resort to the canons of construction. The statute explicitly states that the only way for a judgment creditor to satisfy a judgment from a debtor's partnership interest is by way of a charging order. *See* TEX. BUS. ORGS. CODE § 153.256(d). We do not employ the rules of statutory construction or extrinsic aids when the statute's language is clear and unambiguous. *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011). Thus, we are not persuaded that references to "a partner" in other statutory contexts require us to infer an unwritten exception to Section 153.256(d) for scenarios in which all partners are jointly and severally liable.

### 3. Precedent

Finally, Royal West argues that the outcome of this appeal is controlled by this court's decision in *Bennett v. Broocks Baker & Lange, LLP*, No. 01-13-00674-CV, 2014 WL 3107661 (Tex. App.—Houston [1st Dist.] July 8, 2014, no pet.) (mem. op.). In that case, Robert Bennett's former law partners had sued him for money due upon dissolution of their firm. 2014 WL 3107661, at *1. Because the partners had not been able to recover all of the amount owed pursuant to a confirmed arbitration award, they sought appointment of a receiver. *Id.* On appeal, Bennett argued that the receivership order which plainly imposed a receivership on him also improperly subjected his wholly-owned personal limited liability company to turnover. *Id.* at *2.

---

**2.** *See, e.g.*, TEX. BUS. ORGS. CODE § 152.210(1) (a "partner" is liable to the "other partners" for a breach of the partnership agreement); *id.* § 152.302(b) (act of "a partner that is not apparently for carrying on in the ordinary course" of business is binding on partnership only if authorized by "other partners"); *id.* § 152.708(a)(2) ("if a partner fails to contribute, the other partners shall contribute").

*Bennett* is factually distinguishable from this case. The receivership order in *Bennett* was directed toward the judgment debtor in his individual capacity, not toward his PLLC. *Id.* at \*1. The order facilitated the monitoring of PLLC assets, but it did not authorize the attachment or seizure of any PLLC property. *Id.* at \*2–3. In contrast, the order in this case was directed toward the judgment debtors as well as their limited partnership, County Investment. It permitted the receiver to assume control of assets, including nonexempt bank accounts belonging to County Investment. The receiver thus has been authorized to take "immediate possession of all nonexempt property, assets and estates of every kind" belonging to Pajooh and U.S. Capital Investments, "including, but not limited to":

> ... those offices at ... County Investment LP ... rights of action, books, papers, data processing records, evidences of debt, bank accounts (including nonexempt bank accounts belonging to Massood Danesh Pajooh, U.S. Capital Investments, LLC. and County Investment L.P.), savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property wherever situated
> ....

Pajooh and U.S. Capital Investments have argued that their personal property—their partnership and membership interests—cannot be made the subject of a receivership order in this fashion because the judgment creditor's exclusive remedy against their partnership interests in County In-

vestment is a charging order. *See* TEX. BUS. ORGS. CODE § 153.256; *see also id.* § 101.112. The *Bennett* opinion did not address that issue.

We conclude, based on the plain statutory text, that a charging order is the exclusive remedy by which a judgment creditor of a partner may satisfy a judgment from the judgment debtor's partnership interest. *See* TEX. BUS. ORGS. CODE § 153.256. We hold that the trial court erred by imposing a receivership and turnover order as to County Investment, and we sustain the first issue.[3]

**B. U.S. Capital Investments membership interest**

▇ Pajooh argues that the court also abused its discretion by imposing a receivership over his membership interest in U.S. Capital Investments. A membership interest in a limited liability company is analogous to a partnership interest in a partnership insofar as a member has no ownership interest in any specific property of the company but has a right to receive distributions when they are made. *See* TEX. BUS. ORGS. CODE § 101.106(b); *In re Prodigy Servs., LLC*, No. 14-14-00248-CV, 2014 WL 2936928, at \*5 (Tex. App.—Houston [14th Dist.] June 26, 2014, orig. proceeding) (mem. op.). Like Section 153.256, Section 101.112 provides that "the entry of a charging order is the exclusive remedy by which a judgment creditor of a member" of an LLC "may satisfy a judgment out of the judgment debtor's membership interest." TEX. BUS. ORGS. CODE § 101.112(d). For the reasons in the discussion of Section 153.256, we likewise conclude that a

**3.** In light of this holding, we do not consider issues two and three because they are not necessary to the final disposition of the appeal. *See* TEX. R. APP. P. 47.1. In issue two, the appellants argue that any relief against County Investment is improper because neither of them own any of the partnership property,

they only own interests in the partnership itself. In issue three, they argue that the trial court lacked jurisdiction to grant any relief against County Investment because it was not a judgment debtor and it was not a party to the suit attempting collection of the debt.

plain reading of Section 101.112(d) supports Pajooh's argument. To the extent that the receivership order extends to his membership interest, it was in error. We sustain this issue.

## II. Receivership and turnover order

Pajooh and U.S. Capital Investments challenge the statutory grounds for the amended receivership and turnover order. The amended order expressly relied on both Sections 31.002 and 64.001(a)(6) of the Civil Practice and Remedies Code in appointing a receiver over "the nonexempt assets" of Pajooh and U.S. Capital Investments. The appellants' fourth issue asserts that the court erred by imposing a receivership and turnover order against U.S. Capital Investments under Chapter 31. Their sixth issue asserts that the court erred by granting the order in its entirety under Section 64.001(a)(6).

### A. Chapter 31

U.S. Capital Investments argues that the trial court erred by imposing a receivership and turnover order against it because Royal West failed to show its entitlement to such relief under Chapter 31 of the Civil Practice and Remedies Code.

"A judgment creditor is entitled to aid from a court of appropriate jurisdiction ... in order to reach property" to satisfy a judgment "if the judgment debtor owns property" that "cannot readily be attached or levied on by ordinary legal process" and "is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE § 31.002(a); *see Tanner v. McCarthy,* 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.). An order requiring the turnover of nonexempt property need not identify the "specific property subject to turnover." *Id.* § 31.002(h). Nevertheless, the trial court must receive evidence to enable it to determine that the applicant has shown its entitlement to a turnover order under Section 31.002. *See Tanner,* 274 S.W.3d at 322. A motion supported only by argument of counsel will be insufficient. *See id.* at 322–23.

U.S. Capital Investments argues that Royal West did not demonstrate that there was any property that could not be readily attached or levied on by ordinary legal process and that was not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Pajooh's deposition testimony was introduced at the hearing, and it showed that U.S. Capital Investments owned no real estate and no longer had any physical assets because Royal West had foreclosed on them prior to 2012. Pajooh's accountant also testified that she also was unaware of any assets owned by U.S. Capital Investments at the time.

It is undisputed that U.S. Capital Investments owns a 1% interest in County Investment. At the hearing, the accountant testified that Pajooh and U.S. Capital Investments were the only two owners of County Investment, which owned substantial assets, including real property valued in the millions of dollars. She also testified that County Investment had millions of dollars in debt.

As previously noted, a charging order is the exclusive remedy by which a judgment creditor of a partner may satisfy a judgment from the judgment debtor's partnership interest. *See* TEX. BUS. ORGS. CODE § 153.256. But that does not mean that a judgment creditor is deprived of procedures to put the charging order into effect. In *Stanley v. Reef Securities, Inc.,* 314 S.W.3d 659 (Tex. App.—Dallas 2010, no pet.), the Dallas court of appeals held that a judgment creditor could seek "turnover of proceeds from a partnership distribution after that distribution has been made and

is in the debtor partner's possession." 314 S.W.3d at 665. A turnover and receivership order under Chapter 31 can be used to reach both "present or future rights to property" that is both nonexempt and "cannot be readily attached or levied on by ordinary legal process." Tex. Civ. Prac. & Rem. Code § 31.002(a). The court is not required to identify the specific nonexempt property subject to turnover in the order. *Id.* § 31.002(h). Thus, a Chapter 31 turnover and receivership order may be used to monitor partnership distributions and effectuate a charging order. *See Stanley,* 314 S.W.3d at 664–65; *see also Goodman v. Compass Bank,* No. 05-15-00812-CV, 2016 WL 4142243, at *11 (Tex. App.—Dallas Aug. 3, 2016, no pet.) (mem. op.) (affirming order requiring turnover of property that included present and future rights to proceeds from limited partnerships, LLC, and other corporate entities).

As in *Stanley* and *Goodman,* in this case judgment debtor U.S. Capital Investments has an interest in a limited partnership and an interest in future distributions. A Chapter 31 turnover and receivership order is an appropriate order for monitoring distributions and effectuating the existing charging order in favor of Royal West. We hold that the court did not err by granting this relief, and we overrule this issue.

## B. Chapter 64

█ Finally, both Pajooh and U.S. Capital Investments argue that the receivership and turnover order should be reversed entirely because Royal West failed to prove that it was entitled to any equitable receivership or turnover relief. "A court of competent jurisdiction may appoint a receiver" in any case "in which a receiver may be appointed under the rules of equity." Tex. Civ. Prac. & Rem. Code § 64.001(a)(6).

█ "Whether authorized by statute or by equity, we should affirm the interlocutory appointment of a receiver unless the trial court clearly abused its discretion." *Benefield,* 266 S.W.3d at 31. Because the appointment of a receiver is a "harsh, drastic, and extraordinary remedy," it should not be used, even when authorized, if another legal or equitable remedy is available. *Id.* "Rather, receivership is warranted only if the evidence shows a threat of serious injury to the applicant." *Id.*

It is undisputed that U.S. Capital Investments owned a 1% interest in County Investment and Pajooh owned the other 99%. The evidence at the hearing also showed that Pajooh had been receiving money from County Investment, although the parties disagreed about whether it was salary or a distribution subject to the charging order. It also was undisputed that as 99% owner of U.S. Capital Investments, which is the general partner of County Investment, Pajooh had control of whether, when, and how large any distributions from the partnership would be. Although Royal West had a charging order against the partnership interests of both judgment debtors, in the absence of a receivership to facilitate monitoring, Pajooh's de facto domination of these entities could obstruct Royal West's enforcement of the charging orders.

Royal West's debt may remain uncollected because insufficient distributions are made to satisfy it. It has no right to "compel a distribution of profits" by County Investment. But the trial court could have found a threat that County Investment's assets could dissipate into the hands of the judgment debtors without the knowledge of Royal West or a meaningful opportunity for it to seek to have distributions lawfully remitted to satisfy the debt. Accordingly, we hold that the court did not abuse its

discretion by granting a receivership under Chapter 64 over both Pajooh and U.S. Capital Investments.

We overrule this issue.

## Conclusion

We affirm the order of the trial court to the extent that it imposed receiverships on Pajooh and U.S. Capital Investments, LLC under Chapter 31 and Chapter 64 of the Texas Civil Practice and Remedies Code. We reverse the order of the trial court as to the imposition of a receivership on County Investment and Pajooh's membership interst in U.S. Capital Investments. We remand this case to the trial court for further proceedings consistent with this opinion.