**Opinion issued June 24, 2025.**



**In the**

# Court of Appeals

**for the**

# First District of Texas

———————————

**NO. 01-23-00501-CV**

———————————

**HENRY FRED CHASE, Appellant**

**v.**

**MARTHA WILSON CHASE, Appellee**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-32285**

---

**MEMORANDUM OPINION**

Appellant Henry Fred Chase (Henry) challenges the trial court's interlocutory order granting a motion for post-judgment receivership filed by appellee Martha Wilson Chase (Martha) that included an award of a receiver's fee plus expenses to the receiver. We conclude that the trial court did not abuse its

discretion by appointing a receiver, but that the award of a receiver's fee plus expenses to the receiver was premature. We therefore affirm in part and reverse in part the trial court's order.

## Background

Henry and Martha were divorced in 2011. Henry subsequently married his second wife, Linda Chase (Linda). Henry and Linda divorced in 2018 and their divorce decree purports to transfer to Linda almost all of Henry's assets. Martha claims that the division of property in Henry and Linda's 2018 divorce was a fraudulent transfer of property from Henry to Linda to avoid debts that Henry owed to Martha.

On December 19, 2011, an Arkansas court ordered Henry to pay $250,223 to HFC Farms, LLC (HFC) and $8,000 to Martha for attorney's fees (the Arkansas Judgment). Martha has alleged that, on February 26, 2018, she filed writ of garnishment actions against several banks in connection with the Arkansas Judgment. In June 2018, an Arkansas court awarded her approximately $70,000 in one such action, filed on February 26, 2018, for reasons including that HFC was "now solely held by" Martha.

On April 4, 2018, 37 days after Martha sought at least one writ of garnishment, Linda filed for divorce from Henry. On August 2, 2018, an Angelina County, Texas court signed a divorce decree, based on a written agreement

2

between Henry and Linda, under which Henry and Linda were each separately awarded sole possession of certain property with which each was respectively directly associated, and Linda was also awarded certain real property, a business, and an automobile. The only property awarded to Henry under the divorce decree was a 2000 Ford Ranger. Martha alleges that Henry and Linda continue to live together since the divorce and that some or all of the property transferred to Linda pursuant to Henry and Linda's divorce decree was fraudulently transferred to Linda to shield it from Henry's creditors.

Martha has claimed that she domesticated the Arkansas Judgment in cause number 2019-51940 in the 165th Judicial District Court for Harris County, Texas.

On November 11, 2022, in cause number 2022-32285 in the 269th Judicial District Court for Harris County, Texas, Martha filed a motion seeking the appointment of a post-judgment receiver under section 31.002 of the Texas Civil Practice and Remedies Code.[1] In that motion, Martha claimed that the Arkansas Judgment "remains unpaid," and asked the trial court to appoint a receiver to take possession of Henry's non-exempt property and sell it to the extent necessary to satisfy the Arkansas Judgment.

---

[1] In her motion, Martha characterized the Arkansas Judgment as a judgment awarding $407,103.07, including $8,000 in attorney's fees. Henry speculates that Martha "added incurred interest to the underlying judgment."

3

The trial court originally set Martha's motion for submission on January 30, 2023. On January 29, 2023, Henry filed a motion in which he requested an evidentiary hearing on Martha's motion for a post-judgment receivership. The trial court held an evidentiary hearing on Martha's motion on March 3, 2023, but no record was made of the hearing.

On March 24, 2023, the trial court issued an order appointing a receiver to take possession of and sell Henry's leviable assets, and requiring Henry to turn over to the receiver certain categories of documents and assets (the Receivership Order). The trial court found that "there exists an unpaid final judgment" against Henry and ordered him to continue to turn over certain assets to the receiver "until the Judgment in this cause is fully paid." The trial court in its Receivership Order did not identify the referenced judgment.

### Standard of Review

We review a trial court's interlocutory order appointing a receiver for an abuse of discretion. *Pajooh v. Royal W. Invs. LLC, Series E*, 518 S.W.3d 557, 562 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Benefield v. State*, 266 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). To the extent we must interpret a statute, that aspect of our review is performed de novo. *Id.* (citing *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009)). To demonstrate an abuse of discretion, an appellant must show that the trial court

4

acted arbitrarily, unreasonably, or without reference to guiding rules or principles. *Kreit v. El Khoury*, 705 S.W.3d 823, 830 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). "Abuse of discretion does not exist as long as there is some evidence of a substantive and probative character to support the decision." *Kreit*, 705 S.W.3d at 830 (citing *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 578 (Tex. App.—Houston [1st Dist.] 1997, pet. denied)).

## Analysis

The Texas turnover statute is a procedural device to aid judgment creditors in satisfying unpaid judgments. *See* TEX. CIV. PRAC. & REM. CODE § 31.002. Under the statute, a judgment creditor may seek judicial assistance to reach a judgment debtor's property, provided that the property is not exempt from attachment, execution, or seizure. *Id*. § 31.002(a). Such assistance may include the appointment of a receiver to take possession of nonexempt property and sell it to satisfy the judgment. *Id*. § 31.002(b).

A receiver is an officer of the court, and a court that appoints a receiver has determined that property should no longer be under the control of the parties but instead within the custody of the court. *Gilbreath v. Horan*, 682 S.W.3d 454, 552 (Tex. App.—Houston [1st Dist.] 2023, pet. denied). The appointment of a receiver

5

is thus a "harsh, drastic, and extraordinary remedy, to be used cautiously." *Id.* (quoting *Benefield v. State*, 266 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). A receiver may not be appointed if another lesser remedy exists, either legal or equitable. *Id.*

## A.    Other Remedy

Henry argues in his first issue that the trial court erred in appointing a receiver for three reasons, including under *Parr v. First State Bank of San Diego*, 507 S.W.2d 579 (Tex. App.—San Antonio 1974, no writ). Henry argues that Martha "is essentially arguing that a receiver should be appointed in this case to challenge the division of property" in Henry and Linda's 2018 divorce. He claims that doing so is an improper use of the turnover statute under *Parr*. Henry argues that, under *Parr*, if Martha wanted to challenge the division of property in Henry and Linda's 2018 divorce, she was required to intervene in those divorce proceedings.

The court of appeals in *Parr* held that a bank's suit for a receivership that was based largely on two pending divorce proceedings, but that was also intentionally kept independent from those proceedings, could not be judged under the standards applicable to a receivership request made in a divorce action. *Parr*, 507 S.W.2d at 583. The court of appeals concluded that the record did not support the trial court's granting the bank's request for a receivership based on an implied

finding that the bank's security was in danger of being lost because the alleged threat was that the funds would be impounded by one of the courts in the pending divorce proceedings. *Id.* The court noted further that, "[a]ssuming that [the bank] feared that action by the court in either of the two divorce actions would jeopardize [the bank's] security interest, an adequate remedy was available to it through intervention in the divorce case." *Id.*

The holding in *Parr* has no application here because, unlike in *Parr*, there is no evidence in this case that Martha had knowledge of Henry and Linda's divorce proceedings while they were active, or that Martha filed her motion for the appointment of a receiver during that period. Nor does the trial court's order appointing a receiver indicate that, in granting Martha's motion, the trial court applied the standard applicable to a motion for the appointment of a receiver in a divorce action.

Further, even if *Parr* had some application to property transferred to Linda in the 2018 divorce, the evidence that Martha submitted in the trial court in support of her motion was not limited to evidence of such property. *Cf. Pajooh*, 518 S.W.3d at 566-67 (rejecting evidentiary sufficiency challenge to appointment of receiver because evidence before trial court included some evidence of non-exempt property). Martha filed in the trial court on March 23, 2023 a "Response to [Henry's] Surreply to [Her] Motion for Post-Judgment Receivership" and attached

as an exhibit a copy of the 2018 decree in the Angelina County proceedings associated with Henry and Linda's divorce. As Henry acknowledged in the trial court, that decree lists a vehicle, a 2000 Ford Ranger, as property confirmed to be Henry's "separate property."

We overrule Henry's first issue to the extent it relies on *Parr*.

## B.    Standing

Henry further argues that the trial court erred in appointing a receiver on the grounds that Martha had no standing to request a receiver for the full amount of the Arkansas Judgment. He notes that Martha requested the receivership to recover a judgment awarding $407,103.07, including $8,000 in attorney's fees, but that the Arkansas Judgment awards $250,223.00 to HFC and $8,000 to Martha for attorney's fees. While an Arkansas court appears to have found in June 2018 that Martha was the sole owner of HFC at that time, Henry notes further that Martha has not identified her relationship with HFC in the present action and did not bring a derivative claim on HFC's behalf. Henry argues that Martha "does not have standing to request the appointment of a receiver for the full amount of" the Arkansas Judgment. Martha responds that Henry's argument goes to her capacity, not standing, to sue and that Henry waived any capacity challenge by not raising it in a verified pleading.

"A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020) (quoting *Coastal Liquids Transp., L.P. v. Harris Cty. Appraisal Dist*., 46 S.W.3d 880, 884 (Tex. 2001)) (emphasis in original). A plaintiff lacks capacity if it is not entitled to recover in the capacity in which it sues. *Id.* (citing TEX. R. CIV. P. 93(2)).

A dispute regarding who can bring a claim for the appointment of a receiver with respect to the Arkansas Judgment is thus a dispute over capacity, not standing. For example, in *Abel v. Morgan*, No. 05-24-00349-CV, 2024 WL 5039012 (Tex. App.—Dallas Dec. 9, 2024, no pet.) (mem. op.), the trial court dismissed for lack of jurisdiction the plaintiffs' claims, including for appointment of a receiver, in connection with an agreement signed in both the defendant's individual capacity and her capacity as manager of a company with which she was allegedly no longer associated. The court of appeals reversed the dismissal for lack of jurisdiction, for reasons including that "any dispute over whether a claim belongs to [plaintiff] is a dispute over capacity, not constitutional standing." *Id.* at *2 n.2.

Rule 93(2) of the Texas Rules of Civil Procedure requires a party contesting another's capacity to file a verified plea if the record does not affirmatively

9

demonstrate the plaintiff's right to bring the suit in whatever capacity the plaintiff is suing. *Brown v. Mesa Distributors, Inc.*, 414 S.W.3d 279, 285 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Nine Greenway Ltd. v. Heard*, 875 S.W.2d 784, 787 (Tex. App.—Houston [1st Dist.] 1994, writ denied)). A party who fails to raise the issue of capacity through a verified pleading waives the issue on appeal. *Id.*

Here, the record contains no verified pleading or any evidence that Henry raised his capacity defense in any manner in the trial court. Because Henry failed to challenge Martha's capacity to sue in a verified pleading, he has waived the issue of Martha's capacity to sue and it is not preserved for consideration on appeal. *See Brown*, 414 S.W.3d at 285-86.

We overrule Henry's first issue to the extent it relies on his argument that Martha lacked standing or the capacity to request a receiver for the full amount of the Arkansas Judgment.

## C. Sufficiency of the Evidence

The third ground on which Henry claims that the trial court erred in appointing a receiver is his claim that Martha presented in the trial court no admissible evidence that Henry owns any non-exempt property.

A court may enter or enforce an order under section 31.002 of the Texas Civil Practice and Remedies Code that requires the turnover of non-exempt

property without identifying in the order the specific property subject to turnover. TEX. CIV. PRAC. & REM. CODE § 31.002(h); *Pajooh*, 518 S.W.3d at 566. An application for the appointment of a receiver fails if the applicant provides no evidence enabling the trial court to determine that the applicant has shown its entitlement to a turnover order under Section 31.002. *Pajooh*, 518 S.W.3d at 566 (citing *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). However, "section 31.002 does not specify, or restrict, the manner in which evidence may be received for a trial court to determine whether the conditions of section 31.002(a) exist, nor does the statute require that such evidence be in any particular form, that the evidence be at any particular level of specificity, or that the evidence reach any particular quantum before the court may grant aid under section 31.002." *Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 WL 5487421, at *8 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied) (mem. op.) (citing *Hamilton Metals, Inc. v. Global Metal Servs., Ltd.*, 597 S.W.3d 870, 878-79 (Tex. App.—Houston [14th Dist.] 2019, pet. denied)).

The absence of evidence to support a turnover award is a relevant, but not necessarily determinative, consideration in deciding if the trial court abused its discretionary authority in issuing the order. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Great Value Storage, LLC v. Princeton Capital*

11

*Corp.*, No. 01-21-00284-CV, 2023 WL 3010773, at \*16 (Tex. App.—Houston [1st Dist.] Apr. 20, 2023, pet. granted, judgm't vacated w.r.m.) ("The sufficiency of the evidence to support a turnover award or an order appointing a receiver is 'a relevant consideration in determining if the trial court abused its discretionary authority in issuing the order.'" (quoting *Buller*, 806 S.W.2d at 226)); *Sheikh v. Sheikh*, 248 S.W.3d 381, 387 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("whether there is no evidence to support a turnover order is only 'a relevant consideration in determining if the trial court abused its discretionary authority in issuing the order'" (quoting *Buller*, 806 S.W.2d at 226)).

As noted above, Martha filed in the trial court on March 23, 2023, a "Response to [Henry's] Surreply to [Her] Motion for Post-Judgment Receivership" and attached as an exhibit a copy of the 2018 decree in the Angelina County proceedings associated with Henry and Linda's divorce. The 2018 divorce decree attaches a list of property confirmed to be Henry's "separate property." The list includes a vehicle, a 2000 Ford Ranger. On appeal, Henry acknowledges that "[t]he divorce decree identified a 2000 Ford Ranger as [his] separate property." Martha argues that the Ford Ranger is non-exempt property that supports the trial court's order appointing a receiver.

Once Martha offered evidence of Henry's ownership of the vehicle, the burden shifted to Henry to account for the vehicle. *See Great Value*, 2023 WL

12

3010773, at *17 (citing *Pillitteri v. Brown*, 165 S.W.3d 715, 722 (Tex. App.—Dallas 2004, no pet.) ("Once a judgment creditor traces the assets to the judgment debtor, a presumption arises that those assets are in the debtor's possession and the burden then shifts to the debtor to account for those assets.")). If Henry claims the vehicle is exempt, it is his burden to prove the exemption. *Id.* (citing *Pillitteri*, 165 S.W.3d at 722). While the Ford Ranger could qualify as exempt property under some circumstances,[2] Henry has not made that showing.

Moreover, the parties do not dispute that the trial court held an evidentiary hearing on Martha's motion for the appointment of a receiver, and that no record was made of the hearing. Henry neither alleges nor offers evidence that he requested a record of the hearing or findings of fact in support of the trial court's ruling. The appellant bears the burden of bringing forth a sufficient record that demonstrates reversible error. *In re Marriage of Comstock*, 639 S.W.3d 118, 130 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Smith v. Myers*, No. 01-13-00722-CV, 2014 WL 3002086, at *3 (Tex. App.—Houston [1st Dist.] July 1, 2014, pet. denied) (mem. op.). If the appellant fails to obtain a reporter's record of the hearing, we cannot determine that the trial court abused its discretion.

---

[2]     *See, e.g.*, TEX. PROP. CODE ANN. § 42.002(a)(9) (exempting from attachment "a two-wheeled, three-wheeled, or four-wheeled motor vehicle for each member of a family or single adult who holds a driver's license or who does not hold a driver's license but who relies on another person to operate the vehicle for the benefit of the nonlicensed person").

13

*Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("The appellant's failure to obtain a reporter's record containing a challenged ruling makes it impossible for the appellate court to determine that the trial court abused its discretion in making the ruling."); *Smith*, 2014 WL 3002086, at *3 (same). Absent a reporter's record and findings of fact, we presume that there was sufficient evidence to support the trial court's judgment to appoint a receiver. *Smith*, 2014 WL 3002086, at *3 (affirming trial court's appointment of receiver because, "[w]ithout a reporter's record, findings of fact, or conclusions of law due to [appellant's] failure to request them, we must assume that there was sufficient evidence to support the trial court's judgment").

We overrule Henry's first issue to the extent it relies on his argument that Martha presented in the trial court no admissible evidence that Henry owns any non-exempt property. Because we find that the trial court's order appointing a receiver is supported by record evidence of Henry's ownership of the Ford Ranger—and that, due to the lack of a record of the trial court's evidentiary hearing, we must presume that there was sufficient evidence to support the trial court's order—we do not address Martha's claim that the trial court's order is supported by record evidence that Henry fraudulently transferred to Linda some or all of the property that Linda was awarded under the 2018 divorce decree.

**D.      Receiver's Fee and Expenses**

In his second issue on appeal, Henry challenges the trial court's Receivership Order on the grounds that the trial court's award of a receiver's fee plus expenses to the receiver was premature and not supported by the evidence. The trial court's order provides in pertinent part that:

> The Receiver's fee is up to [25 percent] of all gross proceeds coming into his possession, not to exceed [25 percent] of the balance due on the judgment, plus any out-of-pocket expenses incurred by the Receiver in his scope as a receiver in this case. The Court finds this a fair, reasonable and necessary fee for the Receiver . . . .

The trial court added the words "up to" to language proposed by Martha.

A receiver's fees and expenses are considered court costs and are thus governed by rules regarding the award of costs. *Hill v. Hill*, 460 S.W.3d 751, 767 (Tex. App.—Dallas 2015, pet. denied); *see* TEX. R. CIV. P. 131, 141. Under those rules, the trial court is responsible for adjudicating which party or parties will pay costs. *Diggs v. VSM Fin., L.L.C.*, 482 S.W.3d 672, 674 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The taxation of the costs of a receivership and how such costs are collected "are matters entirely within the sound discretion of the trial court." *Hill*, 460 S.W.3d at 767 (quoting *Theatres of Am., Inc. v. State*, 577 S.W.2d 542, 547 (Tex. App.—Tyler 1979, no writ)). However, "[a] receiver's fee should be measured by the value of the services rendered, and there must be evidence to establish the reasonableness of the fee." *Roberts v. Abraham, Watkins, Nichols,*

*Sorrels, Agosto & Friend*, No. 01-19-00622-CV, 2020 WL 7502052, at *5 (Tex. App.—Houston [1st Dist.] Dec. 22, 2020, no pet.) (mem. op.) (citing *Moyer v. Moyer*, 183 S.W.3d 48, 57-58 (Tex. App.—Austin 2005, no pet.)). "To determine the value of a receiver's services, courts consider (1) the nature, extent, and value of the administered estate; (2) the complexity and difficulty of the work; (3) the time spent; (4) the knowledge, experience, labor, and skill required of, or devoted by, the receiver; (5) the diligence and thoroughness displayed; and (6) the results accomplished." *Id.* (citing *Bergeron v. Sessions*, 561 S.W.2d 551, 554-55 (Tex. App.—Dallas 1977, writ ref'd n.r.e.)).

Henry premises his argument on case law including *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830 (Tex. App.—Houston [14th Dist.] 2023, no pet.). In *Klinek*, the court of appeals reviewed language regarding a receiver's fee similar to that in the trial court order at issue, but that set the fee (rather than capped it) at 25 percent.[3] The court of appeals in *Klinek* noted with regard to the fee language at issue in that case: "The plain language of the order indicates that at the time the order was signed, the court made a final determination that a twenty-five percent fee would be reasonable." *Klinek*, 672 S.W.3d at 842. In reaching its conclusion that the trial court had abused its discretion, the court of appeals reasoned:

---

[3] The language at issue in *Klinek* read in pertinent part that "it is hereby ordered that Receiver pay himself as receiver's fees an amount equal to twenty-five percent of all proceeds coming into his possession, which the court finds is fair, reasonable, and necessary fee for the Receiver." *Klinek*, 672 S.W.3d at 842.

> [T]here must be some evidence in the record to establish the reasonableness of the fee at the time a fee is awarded. [Movant] requested receiver's fees in the motion for turnover relief and attached [the receiver's] resume. However, [movant] presented no other evidence on the relevant factors. Prior to the order granting turnover relief and appointing a receiver, [the receiver] had not performed any receivership work. At this early stage in the turnover proceedings, the record contains no evidence establishing what percentage or amount constitutes a fair, reasonable, or necessary receiver's fee, such as the complexity and difficulty of the work the receiver performed, the time spent, the diligence or thoroughness displayed, or the results accomplished. Without this evidence yet available, the trial court abused its discretion by setting the receiver's fee at a blanket twenty-five percent.

*Klinek*, 672 S.W.3d at 842 (internal citations omitted).

Even though the fee language at issue in this case provides for a receiver's fee of "up to [25 percent] of all gross proceeds coming into [the receiver's] possession, not to exceed [25 percent] of the balance due on the judgment," plus expenses, it is materially the same as the fee provision at issue in *Klinek*. Here, as in *Klinek*, the trial court's order indicates that, at the time the order was signed, the court had made a final determination that a 25 percent fee would be reasonable. Here, as in *Klinek*, the receiver had not yet done any work at the time the fee was set, and thus there was no evidence establishing what was a fair, reasonable, and necessary fee based on the factors to be considered in setting such a fee, such as the time spent by the receiver or the results accomplished. *See also Roberts*, 2020

17

WL 7502052, at \*5 (holding there must be some evidence to establish reasonableness of receiver's fee, which should be measured by value of services rendered, considering factors including time spent by receiver).

We sustain Henry's second issue.

## Conclusion

We overrule Henry's first issue and sustain his second. We thus affirm in part and reverse in part. We remand to the trial court for proceedings consistent with this opinion.

Amparo "Amy" Guerra
Justice

Panel Consists of Justices Guerra, Gunn, and Dokupil.